**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN CHUMA,<br>*Plaintiff*,<br><br>v.<br><br>BREWER LOGISTICS LLC and<br>LOVQUISTE BRUNSON,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) | 3:25-CV-01031 (SVN)<br><br><br><br><br><br>September 25, 2026 |

**<u>RULING AND ORDER ON MOTION TO DISMISS</u>**

Sarala V. Nagala, United States District Judge.

In this diversity jurisdiction matter removed from Connecticut Superior Court, Plaintiff John Chuma alleges that he was injured in a car crash caused by Defendant Lovquiste Brunson's negligence and recklessness while operating a vehicle owned by Defendant Brewer Logistics LLC. Defendants move to dismiss Plaintiff's recklessness claim as insufficiently pleaded. For the following reasons, the Court grants Defendants' motion to dismiss Count Two of the complaint, but will allow Plaintiff to file an amended complaint.

## I. FACTUAL BACKGROUND

### A. <u>The Complaint</u>

The following facts are taken from the complaint and accepted as true for purposes of resolving Defendant's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On May 18, 2023, Plaintiff John Chuma drove southbound on Route 15 behind (non-party) Christopher Lovasco's vehicle. Compl., ECF No. 6 ¶¶ 1–2. As Plaintiff's vehicle slowed for traffic, Defendant Lovquiste Brunson rear-ended Plaintiff in a motor vehicle owned by Defendant Brewer Logistics LLC, causing Plaintiff's vehicle to collide with Lovasco's. *Id.* ¶¶ 3–5. Plaintiff sustained a number of physical injuries, including multiple spinal disc herniations, injury to the

cervical spine, shoulder and rotator cuff injuries, headaches, bruises, and sprains. *Id.* ¶ 6. Plaintiff also alleges emotional suffering, that he "will be permanently restricted and deprived of the usual pleasures, pursuits, diversions and recreations of life," and that he has incurred (and will continue to incur) medical expenses as a result of the accident. *Id.* ¶¶ 7–8.

Plaintiff asserts two claims in the complaint: (1) negligence against both Defendants (Count One) and (2) statutory recklessness against Defendant Brunson (Count Two). *See generally id*. As to the recklessness count, Plaintiff alleges that Brunson's violations of state motor vehicle operation statutes "were substantial factors" in causing Plaintiff's injuries. *Id.* at 5. Specifically, Plaintiff alleges that Brunson "operate[d] his motor vehicle at an unreasonable and improper rate of speed" in violation of Connecticut General Statutes § 14-218a and "operated his motor vehicle in a reckless and dangerous manner" in violation of Connecticut General Statutes § 14-222. *Id.*

Defendants move to dismiss Count Two of the complaint. Mot. to Dismiss, ECF No. 26. Plaintiff opposes. Pl.'s Opp. Br., ECF No. 28.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is

not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

### A. Statutory Recklessness

The Court concludes that Plaintiff fails to state a claim for statutory recklessness.

Connecticut General Statutes § 14-295 provides that "the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of" certain other statutory provisions, including Connecticut General Statutes §§ 14-218a (prohibiting traveling unreasonably fast) and 14-240a (prohibiting following another vehicle "more closely than is reasonable and prudent"). Connecticut courts are split on what is required for a statutory reckless claim under § 14-295 to be "specifically pleaded." *See Martin v. LaQuerre*, No. KNL-CV-136017265-S, 2013 WL 6989509, at *2 (Conn. Super. Ct. Dec. 18, 2013) ("[T]here is no specific appellate guidance regarding how

to plead a claim under § 14–295 and a Superior Court split exists on this issue."); *Smith v. Lynk*, 410 F. Supp. 3d 407, 423 (D. Conn. 2019) ("acknowledg[ing] the variety of opinions among the Connecticut Superior Courts" in analyzing Plaintiff's statutory recklessness claims). The first interpretation (advanced by Plaintiff) requires only a perfunctory allegation of a statutory violation committed with reckless disregard that is a substantial factor in causing injury. *See* ECF No. 28 at 3–4; *see, e.g.*, *Ospina v. Reid*, No. NNH-CV-196087004S, 2019 WL 4523315, at *4 (Conn. Super. Ct. Aug. 26, 2019) ("[A] simple recitation of the statutory elements should be all that is necessary to put the defendant on notice that a claim under the statute will be pursued.") (quoting *Armstrong v. Smith*, No. CV-94-0533947-S, 1994 WL 691743, at *3 (Conn. Super. Ct. Dec. 2, 1994)). The competing interpretation (advanced by Defendants) requires pleading non-conclusory facts "that would demonstrate that the alleged conduct is more than just gross negligence," ECF No. 26-1 at 3; *see, e.g. Figliomeni v. C.S.R. Getty, LLC,* No. CV-030479244-S, 2003 WL 22708694, at *1 (Conn. Super. Ct. Nov. 3, 2003) (granting motion to strike because bare recitation of statutory violation was "conclusory in nature"); *Hopwood v. Sciarretta*, No. CV-010075934-S, 2002 WL 1837931, at *1 (Conn. Super. Ct. July 11, 2002) (holding that "there is ample authority addressing the pleading requirements for the predecessors of § 14-295 and the authority leave no doubt both that 'the complaint clearly state such facts as will bring the case within the provisions of the statute ... [and] that the claim for relief be specifically based upon the statutory remedy'") (citing *Leone v. Knighton*, 196 Conn. 494, 496 (1985)).

Although the Court acknowledges these nuances in Connecticut state case law, it is obligated to follow federal procedural law in this removed diversity-jurisdiction case. *See* *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."); *Kelly v.*

*Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986) ("the mode of pleading . . . is governed" by Federal Rule of Civil Procedure 8); *Power Auth. of New York ex rel. Solar Liberty Energy Sys., Inc. v. Advanced Energy Indus., Inc*., No. 19-CV-1542 (LJV), 2020 WL 5995186, at *9 (W.D.N.Y. Oct. 9, 2020) ("the federal pleading standard applies to a motion to dismiss filed after an action has been removed"). To the extent that Connecticut Superior Courts interpret § 14-295 to require only invocation of the statute's elements, this standard cannot apply in federal court. As explained above, pleadings in federal court must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Because the Court must assess whether the complaint sets forth sufficient factual allegations to plausibly plead a statutory recklessness claim, it necessarily requires factual matter beyond a skeletal invocation of the statutory elements of the claim.

Here, the complaint does not provide a factual basis for the Court to reasonably infer that Plaintiff would be entitled to relief for statutory recklessness. First, Plaintiff alleges that Brunson "was operating his motor vehicle at an unreasonable and improper rate of speed, having regard to curves, width, traffic, and use of said highway, the intersection of said streets and the weather conditions then and there existing." Compl., ECF No. 6 at 5. But this is nothing more than an abbreviated version of the text of Connecticut General Statutes § 14-218a. Plaintiff does not allege the approximate speed at which Brunson travelled, the particular conditions rendering Brunson's speed improper, or any facts that would support an inference that Brunson acted recklessly. Second, Plaintiff alleges that Brunson "operated his motor vehicle in a reckless and dangerous manner in violation of Connecticut General Statutes § 14-222," *id.*, which prohibits (1) driving "recklessly, having regard to the width, traffic, and use" of the road, as well as "the intersection of streets and the weather conditions," or (2) driving "at such a rate of speed as to endanger the life

of any person . . . ." Again, in the absence of factual allegations pertaining to the road and/or weather conditions, the speed at which Brunson travelled, or facts suggesting Brunson's reckless disregard for the law, the Court cannot reasonably infer entitlement to relief on this claim.

The Court therefore grants Defendants' motion to dismiss Count Two of the complaint, Plaintiff's claim for statutory recklessness.

B. Leave to Amend

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Although Plaintiff does not request leave to amend—and the Court is not required to grant such leave[1]—the Court concludes that allowing leave to amend is appropriate here. Because Plaintiff's complaint was removed from state court, *see* ECF No. 1, where the applicable pleading standard differs, the Court finds that Plaintiff should be afforded an opportunity to replead with the standard discussed in this decision in mind.

## IV. CONCLUSION

For the reasons described herein, Defendants' motion to dismiss is GRANTED. In light of the fast-approaching discovery deadline, Plaintiff may file an amended complaint by October 9, 2026.

**SO ORDERED** at Hartford, Connecticut, this 25th day of September, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

[1] *See, e.g.*, *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) (finding that district court did not abuse its discretion by failing to grant leave to amend *sua sponte*); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) (finding that a plaintiff's contention "that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous").